793 F.2d 1290
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CHARLES R. CALKINS, SR., Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 85-5685
 United States Court of Appeals, Sixth Circuit.
 5/7/86
 
 AFFIRMED
 M.D.Tenn.
 On Appeal from the United States District Court for the Middle District of Tennessee
 Before: ENGEL, KENNEDY and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-Appellant appeals a determination by the Secretary of Health and Human Services (defendant-appellee) that appellant is not disabled. The application is for benefits under title II and title XVI of the Social Security Act. Appellant applied on March 25, 1983. The Secretary denied the request initially and on reconsideration. An Administrative Law Judge (ALJ) ruled in the Secretary's favor on May 25, 1984. The Appeals Council denied appellant's request for review on August 9, 1984. Appellant filed his civil action in the United States District Court for the Middle District of Tennessee. The magistrate issued his proposed memorandum and order on May 22, 1985. The District Court adopted the magistrate's recommended memorandum and order ruling in favor of the Secretary, and appellant appeals that decision.
 
 
 2
 The District Court's opinion sets forth the relevant facts in this case. A short summary of the most pertinent ones follows. Appellant was 51 years old at the time of the ALJ hearing, has a sixth grade education, and has a prior work history of being a truck driver and deck hand. The ALJ thus found that appellant is closely approaching advanced age, has a limited or less education (i.e., is at least literate and able to communicate in English), and has no transferrable skills.[1] The parties agree that appellant's medical problems are: (1) chronic obstructive pulmonary disease; (2) arteriosclerotic heart disease--angina pectoris; (3) status post-ruptured appendix; (4) history of pulmonary embolism with probable infarct; and (5) chronic pain related to pinched nerve attributable to the claimant's diagnosed spondylosis of the cervical vertebra, C-5, C-6, and C-7 with encroachment of the neuroforamina present bilaterally, more so on the left than on the right; as well as irritation in the myotomal pattern of C-8 at T-1 on the left arm. The ALJ found that appellant had the residual functional capacity to perform light work and, thus, that Rule 202.10 of App. 2, 20 C.F.R., Part 404, Subpart P applied. Accordingly, appellant was found to be not disabled.
 
 
 3
 Appellant first argues that the District Court's review of the administrative record reached beyond the certified copy of the transcript of record in violation of 42 U.S.C. Sec. 405(g). The argument really boils down to a complaint that the District Court was not permitted to disregard a rather obvious typographical error in the ALJ's opinion. Finding number 3 in the ALJ's opinion reads:
 
 
 4
 3. The claimant suffers coronary obstructive pulmonary disease, hiatal hernia and mild cervical degenerative disease, but does suffer an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.
 
 
 5
 The District Court concluded that the ALJ meant the sentence to read '. . . but does not suffer an impairment . . ..' This conclusion is clearly correct. First, the ALJ earlier in his opinion properly noted that if appellant did suffer a listed impairment, benefits would be awarded without further inquiry. Nevertheless, the ALJ went through all five steps and found no disability. The ALJ also stated that this particular decision could not be based on medical facts or work activity alone, a statement he would not have made if appellant had a listed impairment. Grammatically, as well, the sentence only makes sense if read with the addition of the word 'not.' The words 'but' and 'does' are only appropriate if the clause following them is contrary to or runs in the opposite direction of the preceding clause. As the sentence appears in the opinion, those words are not appropriate.
 
 
 6
 Nothing in the statute requires the District Court to ignore the real finding of the ALJ and instead blindly follow the transcriber's version of the finding. The Act prevents the District Court from going beyond the administrative record in finding a basis for its decision. In this case, the District Court did not go beyond the record. It merely examined the opinion as a whole to interpret the true meaning of the ALJ's findings.
 
 
 7
 Appellant also questions the sufficiency of the evidence in support of the Secretary's denial of benefits. First, he complains that his pain is a non-exertional impairment and thus the grid should not have been applied to determine whether he can perform substantial work in the national economy. Second, appellant argues that the Secretary's decision is not supported by substantial evidence. For the reasons stated in the District Court's opinion, we find substantial evidence for the ALJ's finding that appellant's pain was insufficiently severe to alter the conclusion that appellant could do light work. We also agree with the District Court that the Secretary's decision not to award disability benefits is supported by substantial evidence.
 
 
 8
 Accordingly, we affirm the judgment of the District Court.
 
 
 
 [1]
 Appellant does not dispute those findings